**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY RAY KEETON, | CASE NO. 1:09-cv-00564-GSA PC |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| SGT. WARREN, et al., | (Doc. 1) |
| Defendants. | |

**Screening Order**

**I.     Screening Requirement**

Plaintiff Tommy Ray Keeton, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 27, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

## II.     Plaintiff's Eighth Amendment Claims

Plaintiff, who is currently housed at California State Prison-Sacramento, alleges that while he was at California State Prison-Corcoran, Defendants Sergeant Warren and Correctional Officers Gonzales and Olivia violated his rights under the Eighth Amendment of the United States Constitution.

Plaintiff alleges that on September 29, 2004, Defendant Gonzales kicked a manilla envelope containing his legal documents into the center of the dayroom floor and would not return them. After Plaintiff's request to speak to Defendant Warren was denied, Plaintiff covered his cell window in order to cause a supervisor to be summoned. When Defendant Warren arrived, Plaintiff followed instructions to uncover his window and cuff up, and was re-housed in his cell on strip cell status.

At dinner time, Plaintiff, who is diabetic, attempted to inform Defendant Gonzales that he was having a diabetic reaction and asked Gonzales to summon medical staff. Defendant Gonzales ignored his request and refused to give him a dinner tray, which caused Plaintiff to pass out from low blood sugar.

The next day, Plaintiff was extracted from his cell and placed in the mental health crisis unit. Plaintiff alleges he was still unconscious from the night before and during the cell extraction, Defendant Warren used pepper spray, which was unnecessary given his state of unconsciousness.

### A.     Denial of a Meal

Under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297

F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). While "[a]dequate food is a basic human need protected by the Eighth Amendment," Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996) (citation omitted), the deprivation of one meal on one occasion is insufficient to support a claim under section 1983. The Court finds that Plaintiff's claim arising from Defendant Gonzales's failure to give him dinner on September 29, 2004, is not cognizable.

**B.     Denial of Medical Attention**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

3

(9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Id. (citing McGuckin, 974 F.2d at 1060).

Plaintiff's allegation that he attempted to inform Defendant Gonzales that he was having a diabetic episode and Defendant ignored his request to summon medical staff falls short of stating a claim.  "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Here, it is unclear from the complaint if Defendant was aware of a substantial risk of serious harm to Plaintiff and ignored that risk or not.  Factual allegations that are merely consistent with liability fall short of satisfying the plausibility standard.  Iqbal, 129 S.Ct. at 1949.  Therefore, the Court finds that Plaintiff's claim arising from Defendant Gonzales's failure to summon medical staff is not cognizable.

### C.   Excessive Force

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson, 503 U.S. at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."  Id. (internal quotation marks and citations omitted).  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it."  Id.

1   Attached to Plaintiff's complaint are exhibits incorporated by reference. Fed. R. Civ. P.
2   10(c). The Crime/Incident Report for September 30, 2004, states that Plaintiff was lying motionless
3   on his bunk completely covered with a blanket and failed to respond to verbal commands. (Doc. 1,
4   Comp., court record p. 44.) An emergency cell entry was initiated, during which Defendant Warren
5   administered one burst of pepper spray. (Id.) Plaintiff did not respond and Defendant administered
6   three more bursts. (Id.) Plaintiff again failed to respond, and staff entered the cell, restrained
7   Plaintiff, and removed Plaintiff from the cell. (Id.) Plaintiff did not respond at all during this time,
8   and was taken to the Acute Care Hospital. (Id.)

9   Plaintiff's allegations do not support a claim that Defendant Warren's administration of four
10  burst of pepper spray from outside of Plaintiff's cell during the course of the cell extraction were
11  malicious and sadistic, and intended to cause Plaintiff harm. The Court finds that Plaintiff's
12  excessive force claim is not cognizable. Further, since Defendants Gonzales and Olivia did not use
13  pepper spray or any other force during the incident, Plaintiff fails to state a claim against them.

14  **III.   Conclusion and Order**

15  Plaintiff's complaint fails to state a claim under section 1983. Plaintiff is granted leave to
16  file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir.
17  1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his
18  amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"
19  complaints).

20  Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
21  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
22  Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual
23  allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly,
24  550 U.S. at 555 (citations omitted).

25  Finally, as previously set forth, an amended complaint supercedes the original complaint,
26  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
27  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
28  pleading," Local Rule 15-220. Therefore, "[a]ll causes of action alleged in an original complaint

which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated:   **September 1, 2009**                    /s/ **Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE